BRIGGS ALEXANDER
A PROFESSIONAL LAW CORPORATION

# EXHIBIT C

## DATA PROTECTION AND PRIVACY ACKNOWLEDGMENT | CALIFORNIA EMPLOYEE

This Data Protection and Privacy Acknowledgment ("**Acknowledgment**") is entered into as of [___01|01|26____________ ], by and between **MindHYVE.ai, Inc.**, a Nevada corporation ("**Company**"), and [__SHADI NACHAT_____] ("**Employee**").

### 1. PURPOSE AND ACKNOWLEDGMENT

Employee acknowledges that, in the course of employment, Employee may access, process, store, transmit, or otherwise handle **sensitive, confidential, personal, and regulated data**, including data belonging to Company, its customers, users, partners, vendors, and employees.

Employee further acknowledges that unauthorized access, misuse, disclosure, or mishandling of such data may cause **immediate and irreparable harm**, including legal liability, regulatory exposure, security incidents, customer harm, and reputational damage.

Compliance with this Acknowledgment is a **material condition of employment**.

### 2. DEFINITIONS

For purposes of this Acknowledgment:

- **"Protected Data"** means any data that is confidential, proprietary, personal, sensitive, regulated, or restricted, including without limitation:
    - personal data and personally identifiable information (PII);
    - customer, user, and end-user data;
    - employee and applicant data;
    - financial, payment, or transactional data;
    - authentication data, credentials, tokens, keys, or secrets;
    - logs, telemetry, analytics, metadata, and derived data;

- any data classified or treated as confidential under Company policies.

- **"Data Incident"** means any actual or suspected unauthorized access, disclosure, loss, misuse, alteration, or compromise of Protected Data.

---

## 3. AUTHORIZED ACCESS AND USE ONLY

Employee shall access and use Protected Data **solely**:

- for legitimate Company business purposes;
- within the scope of Employee's job responsibilities; and
- in strict compliance with Company policies, instructions, and applicable law.

Employee shall **not** access Protected Data out of curiosity, convenience, or for personal reasons.

---

## 4. STRICT DATA HANDLING OBLIGATIONS

Employee agrees to:

- access only the minimum Protected Data necessary to perform job duties ("least privilege");
- use only Company-approved systems, devices, accounts, and environments;
- store Protected Data only in approved locations;
- refrain from copying, exporting, downloading, or transferring Protected Data except as expressly authorized;
- protect Protected Data from unauthorized access, including from family, friends, former colleagues, or third parties.

Protected Data shall **never** be stored on personal devices, personal cloud accounts, removable media, or unapproved tools.

---

## 5. PROHIBITED CONDUCT

Employee shall **never**, directly or indirectly:

- disclose Protected Data to any unauthorized person or entity;
- transmit Protected Data through unapproved communication channels;
- bypass security controls, access restrictions, or monitoring mechanisms;
- use Protected Data for personal benefit or third-party benefit;
- retain Protected Data after it is no longer required for job duties;
- combine Protected Data with non-Company datasets without authorization.

---

## 6. THIRD-PARTY AND AI RESTRICTIONS

Employee acknowledges that Protected Data is subject to strict restrictions under Company's:

- **Confidentiality & Non-Disclosure Agreement**, and
- **AI Ethics, Responsible Use, and Third-Party AI Governance Agreement**.

Employee shall **not** input, upload, disclose, or otherwise provide Protected Data to any third-party service, tool, or AI system except as expressly authorized in writing by Company.

---

## 7. INCIDENT REPORTING

Employee shall **immediately report** to Company any:

- actual or suspected Data Incident;
- loss, theft, or compromise of devices or credentials;
- accidental disclosure or misdelivery of Protected Data;
- suspected policy violation or security weakness.

Failure to report promptly constitutes a **material breach** of this Acknowledgment.

## 8. RETURN AND DESTRUCTION OF DATA

Upon termination of employment or upon Company's request, Employee shall:

- immediately cease access to Protected Data;
- return or permanently destroy all Protected Data in Employee's possession or control; and
- certify compliance upon request.

This obligation applies to **all forms** of Protected Data, including copies, backups, and data retained in memory to the extent legally permissible.

## 9. SURVIVAL

Employee's obligations under this Acknowledgment **survive termination of employment** and continue for so long as Employee retains knowledge of or access to Protected Data.

## 10. NO CREATION OF RIGHTS OR WARRANTIES

This Acknowledgment does not create any right, benefit, or expectation in favor of Employee or any third party and does not constitute a promise or representation regarding compliance with any specific privacy or data protection regulation.

## 11. CALIFORNIA AND FEDERAL LEGAL CARVE-OUT

Nothing in this Acknowledgment prohibits Employee from reporting possible violations of law to a government agency or participating in a government investigation or proceeding.

Employee is **not authorized** to disclose Protected Data to private parties, the media, competitors, or on social media.

## 12. INJUNCTIVE RELIEF AND ENFORCEMENT

Employee acknowledges that any breach of this Acknowledgment would cause **immediate and irreparable harm** to Company. Company shall be entitled to **immediate injunctive and equitable relief**, without bond, in addition to all other remedies available at law or in equity.

## 13. GOVERNING LAW

This Acknowledgment shall be governed by and construed in accordance with the laws of the **State of California**, without regard to conflict-of-law principles.

## 14. ACKNOWLEDGMENT AND ACCEPTANCE

By signing below, Employee acknowledges that Employee has read, understands, and agrees to comply with this Acknowledgment as a condition of employment.

| **MindHYVE.ai, Inc.** | | **Employee** | |
|---|---|---|---|
| **By:** | [signature] | **Signature:** | [signature] |
| **Name:** | Belal K Faruki | **Name:** | Shadi Nachat |
| **Title:** | Founder | | |
| **Date:** | 01/20/2026 | **Date:** | 01-20-26 |